DANIEL L. LAROCQUE, District Attorney, Marathon County
You inquire whether the director of the Marathon County Department of Social Services is authorized to convey real estate acquired by the county through assignment by judgment of the county court, probate branch, based upon a lien for old-age assistance *Page 489 
granted, or a claim for medical assistance furnished, or acquired by lien foreclosure. You also inquire whether the director may convey such property if it is acquired by voluntary transfer, presumably from an old-age-assistance or a medical-assistance recipient. You indicate that the problem has arisen because of an objection raised to such deeds by a title examiner. The enclosures accompanying your request indicate that the specific objection is that real estate which had been conveyed by warranty deed executed by the director of the county department had been acquired by that department under a judgment of the county court, probate branch, assigning the realty to the department in an estate which was presumably that of a deceased recipient of old-age assistance. The contention is that there is no statute authorizing the director to execute such deeds.
Generally, the title to all county property is held by the county clerk in the name of the county, and conveyances thereof are to be executed by the county clerk. Section 59.67, Stats., provides:
 "(1) HOW HELD. County property shall be held by the clerk in the name of the county. All property, real or personal, conveyed to the county or its inhabitants or to any person for the use of the county or its inhabitants is county property; such conveyances have the same effect as if made directly to the county by name.
 "(2) EFFECT OF TRANSFER. All deeds, contracts and agreements made on behalf of the county pursuant to the directions of the board under s. 59.07 (1), when signed and acknowledged by the clerk and the county seal attached, are valid and binding on the county to the extent of the terms of the instrument and the right, title and interest which the county has in the property."
On the other hand, sec. 49.26, which is part of the statutes relating to old-age assistance, provides in material part as follows:
 "(1) PERSONALTY AND FOREIGN REALTY. If the county agency deems it necessary, it may require as a condition to a grant of assistance that all or any part of an applicant's personal property (except that mentioned in s. 49.22 (2)) and real property not situated in Wisconsin be transferred to the county agency. The property shall be managed by the county *Page 490 
agency who shall pay the net income to those entitled thereto. The county agency may sell, lease or transfer the property, or defend or prosecute all actions concerning it, and pay all just claims against it, and do all other things necessary for the protection, preservation and management of the property."
 "(3) (c) After probate or administration proceedings have been initiated and notice to creditors is given, as required by s. 859.07, and it appears from the inventory filed in said estate that the county claim for old-age assistance exceeds the value of estate assets, after deducting such expenses as provided in sub. (5) (b) and (c), the court may order summary closing proceedings under s. 867.01 and assign the real estate, if any, to the county agency which has the claim against the estate."
 "(9) LIENS, LIQUIDATION. The county board may authorize any county agency or official to bid in property at foreclosure under this section at a price not to exceed the amount of the claim for assistance, which claim or any part thereof may be applied as a credit on such a bid, or such agency or official may accept a conveyance in lieu of foreclosure. Title to property acquired under this section vests in such agency for the purpose of liquidation, and may be sold and title transferred by it without regard to s. 59.07
(1) (c). In the event the county acquires such property, payment as provided by s. 49.25 shall not be made until the property is sold and payment thereon shall be based on the sale price." (Emphases supplied.)
Section 49.26 is a specific statute regarding the acquisition of property vested in the agency because of a prior grant of old-age assistance, as opposed to sec. 59.67, which is a general statute relating to county property generally. In addition, the substance of sec. 59.67 had its origin in ch. 9, sec. 6 of the 1849 revised statutes of Wisconsin, whereas sec. 49.26 first appeared as ch. 239, sec. 1, Laws of 1931. In such circumstance, there is applicable the rule that when a general and a conflicting specific statute relate to the same subject matter, the specific statute controls, and this is especially true where the specific statute is enacted after the enactment of the general statute. Martineau v. State Conservation Commission
(1970), 46 Wis.2d 443, 449, 175 N.W.2d 206; see also Kramer v.City of Hayward (1973), 57 Wis.2d 302, 311, 203 N.W.2d 871. *Page 491 
I am therefore of the opinion that since sec. 49.26 (9) expressly provides that title to property acquired under "this section" vests in the county agency for the purpose of liquidation and may be sold and title transferred by the county agency without regard to sec. 59.07 (1) (c), Stats., the agency itself may make the conveyance without the necessity of its execution by the county clerk. Pursuant to sec. 35.18 (3), Stats., the phrase "this section" clearly means the entire sec.49.26 and not merely subsection (9) thereof. In my view, sec.49.26 (9) grants a general power of liquidation to the county agency and the reference therein to sec. 59.07 (1) (c) is a clear indication that the legislature intended that any conveyance by the county agency need not be executed by the county clerk.
As the director is the executive and administrative officer of the county department, pursuant to sec. 46.22 (3) and (4), Stats., he may properly execute such conveyances ex necessitaterei (the statutes not providing for any other executive or administrative officer in that department), since title to the property would have previously vested in the department, not the county. General county control does not attach in such case until the property has been liquidated under sec. 49.26 (9), i.e., converted into cash. 54 C.J.S., Liquidation, pp. 565, 566.
You refer to an "enabling ordinance" enacted by the Marathon County Board of Supervisors, designated as sec. 2.12, which provides:
 "Pursuant to Section 49.26 (4), Wisconsin Statutes, as amended by Chapter 522 Laws of 1943, the Welfare Department of Marathon County is authorized and empowered to acquire and dispose of property for the purpose of liquidating Old Age Assistance Liens subject to the provision, however, that before acquiring such property an appraisal should be made and filed by the Welfare Committee with the Public Welfare Department."
Manifestly, this ordinance does not attempt to confer upon the county department of social services, or its director, any power not granted or authorized by sec. 49.26, Stats. It is limited to property acquisition for liquidation of old-age assistance liens "[p]ursuant to Section 49.26 (4) [now (9)], Wisconsin Statutes, as amended by Chapter 522 Laws of 1943." It is therefore not an attempt at unauthorized legislating, as you indicate has been claimed. *Page 492 
As to the power of the county agency to transfer property which it has received by probate assignment, it will be noted that sec.49.26 (3) (c) expressly provides that after probate or administration proceedings have been initiated (with respect to the estate of a deceased old-age-assistance recipient) and notice to creditors given, and should it appear from the inventory that the county's claim for old-age assistance rendered is in excess of the value of the estate assets after deducting the expenses provided in subsecs. (5) (b), (c), the court may order summary closing proceedings under sec. 867.01 and assign the real estate, if any, to the county agency which has the claim against the estate. This is plainly an authorized additional method by which the county agency may acquire real estate under sec. 49.26, and therefore the property may be transferred without regard to sec.59.07 (1) (c).
A similar answer is required in the case of a voluntary transfer of in-state property by the old-age-assistance recipient to the county agency in lieu of foreclosure of lien. Section49.26 (9) so provides. Section 49.26 (1) states that the county agency may require as a condition of an assistance grant that all or any part of an applicant's personal property except that mentioned in sec. 49.22 (2) and real property not situated in Wisconsin be transferred to the county agency. This is yet another method of acquisition under sec. 49.26, and again, a subsequent conveyance of such transferred realty situated outside the state may be made by the county agency pursuant to sec. 49.26
(9).
As noted, your question also refers to situations involving medical assistance granted. I assume you refer only to those instances wherein such assistance has been rendered as a part of an old-age-assistance grant under secs. 49.20 and 49.22, Stats., and not to those persons who are not recipients of old-age assistance, but who are granted medical assistance under secs.49.46 and 49.47. Recovery of the amounts of assistance granted in the latter instances is confined to suits against the recipients or their estates, pursuant to sec. 49.45 (8) (a), Stats., which does not provide for liens against such a recipient's real property, for assignment to the department, of the realty in estate proceedings, or for its acquisition through voluntary transfer by the recipient. *Page 493 
Apparently the questions posed will eventually become academic, because sec. 49.26 was repealed by ch. 90, sec. 250, of the Laws of 1973, effective August 5, 1973, although not affecting later transfers of property acquired by the county agency prior to that repeal, since OAA liens arising prior to such repeal are preserved. Hence, I conclude that the county department of social services, by its director, may execute valid conveyances of Wisconsin real estate which has been acquired by the agency as a result of old-age-assistance lien foreclosures or by transfer in lieu thereof, or by assignment of the real estate in probate or administration proceedings and transfers of out-of-state realty as provided in sec. 49.26 (1).
RWW:RDM